# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **EMORY INDUSTRIAL SERVICES 1, INC.,** | § § § | CASE NO. 25-44148-mxm11 |
| | § | |
| **EMORY DRY ICE 1, INC. F/K/A EMORY DRY ICE, INC.,** | § § § | CASE NO. 25-44150-mxm11 |
| | § | |
| **EMORY INDUSTRIAL PRODUCTS, INC.,** | § § § | CASE NO. 25-44151-mxm11 |
| | § | |
| **EMORY INDUSTRIAL SERVICES, INC. F/K/A EMORY DRY ICE, INC.,** | § § § | CASE NO. 25-44153-mxm11 |
| | § | |
| **EMORY INDUSTRIAL HOLDINGS, INC.,** | § § § | CASE NO. 25-44155-mxm11 |
| *Debtors.* | § § | JOINTLY ADMINISTERED UNDER CASE NO. 25-44148-MXM11 |

**ORDER REGARDING FILING OF PLEADINGS AND
DIRECTING JOINT ADMINISTRATION OF CASES**
**[Refers to Docket No. \_\_\_\_]**

The Court having considered the matter of administering the above captioned cases, finds (1) this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1334 and 157; (2) all parities-in-interest were provided adequate notice and opportunity for hearing; (3) joint administration of these cases is appropriate pursuant to Rule 1015(b) and (c) of the Federal Rules of Bankruptcy Procedure; (4) an order of joint administration would serve judicial economy; and (5) it is in the best interests and without prejudice to the rights of the Debtors' estates, creditors, and other parties-in-interest. It is therefore

**ORDERED,** that the above captioned cases be and hereby are jointly administered by this Court for procedural purposes only, and nothing contained in this Order shall be deemed or construed as directing a substantive consolidation of the above-captioned cases; it is further

**ORDERED,** that all orders, pleadings, papers and documents, except proofs of claim, lists, schedules, statements and monthly operating reports, shall be filed and docketed in Case Number 25-44148-mxm11 (the "Lead Case"); and it is further

**ORDERED,** that all proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate; and it is further

**ORDERED,** that all lists, schedules, statements, and monthly operating reports shall be filed and docketed in the specific member case for which they are applicable; it is further

**ORDERED,** that all pleadings, papers, and documents filed in the Lead Case shall bear the caption as shown in **Exhibit A-1** (attached); it is further

**ORDERED,** that if pleadings, papers, or documents have been filed in any of the above captioned cases other than the Lead Case prior to the entry of this Order, and those matters have

not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) refile the pleading, paper, or document in the Lead Case within 3 business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties, it is further

**ORDERED,** that Counsel for Debtors, shall serve a copy of this Order on the United States Trustee, all creditors, persons filing Notices of Appearance, and other parties-in-interest, and shall file a certificate of service with the Clerk of Court after completing service; it is further

**ORDERED,** that Counsel for Debtors shall file with the Clerk, in the Lead Case a master service list of all creditors, persons filing Notices of Appearance, and all parties-in-interest in the jointly administered cases, in the form prescribed by Local Bankruptcy Rule 1007-1; it is further

**ORDERED,** that in the event that any of these cases have been assigned to separate judges, all such cases shall be transferred to the judge with the lowest numbered case; and it is further

**ORDERED,** that the Clerk shall file a copy of this order in the Lead Case and each of the member cases.

### End of Order ###

# EXHIBIT A-1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **EMORY INDUSTRIAL SERVICES 1, INC.,** | § | |
| **et al.,** [1] | § | **Case No. 25-44148-mxm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Emory Industrial Services 1, Inc. (2008), Emory Dry Ice 1, Inc. f/k/a Emory Dry Ice, Inc. (1107), Emory Industrial Products, Inc. (9263), Emory Industrial Services, Inc. f/k/a Emory Dry Ice, Inc. (8878), and Emory Industrial Holdings, Inc. (0448).